## UNLAWFUL APPROPRIATION OF MORE THAN A SIXTY-FOOT STRIP FOR ROAD PURPOSES.

[Common Pleas Court of Shelby County.]

SAMUEL STRAHLEM v. THE COUNTY COMMISSIONERS OF SHELBY COUNTY ET AL.

Decided, September, 1903.

*Roads—Appropriation of Land for—More than Sixty Feet in Width Taken—Injunction—Reassessment of Damages—Reapportionment of Expenses.*

1. An unlawful appropriation of land for road purposes may be prevented by injunction, but the building of the proposed road can not be enjoined as a whole unless it is necessary to go to that extent in order to give the plaintiff the relief to which he is entitled.

2. Where the maximum width of public roads is limited by statute to sixty feet, and road commissioners have appropriated more than that width, through the lands of the plaintiff, the court will set aside the assessment of damages awarded to the plaintiff, and order that if the improvement be proceeded with that the commissioners cause a new view and assessment of damages to be awarded to him, confining the width of the strip to sixty feet, and should this render a reapportionment of the expense of the improvement necessary that such reapportionment be made.

MATHERS, J.

There is no doubt but that an unlawful appropriation of land may be prevented by injunction. The use of that remedy is clearly justifiable both on principle and authority.

The contention of plaintiff's counsel, as set forth in his brief, is doubtless theoretically correct. But, as Judge Ranney once said in delivering the opinion of the Supreme Court, "If there is anything peculiarly and exclusively our own it is our practice," or words to that effect. General equity practice is modified in Ohio in suits relating to public highways, like the one in this action, by the provisions of Sections 4863 and 4864, R. S.

It thus appears that the courts have enlarged powers in relation to such road proceedings, and, as the Supreme Court said, in *Hays* v. *Lewis,* 28 O. S., 326, 338:

"The power of molding and modifying the action and orders of the commissioners is submitted by the statute to the sound judicial discretion of the reviewing court."

It is plain, from the statutory provisions above quoted, that the building of a proposed road can not be enjoined, as a whole, unless it is necessary to go to that extent in order to give plaintiff the relief to which he is entitled. The only substantial ground of relief, which the proofs show in this action, is that through the plaintiff's lands the commissioners sought to take a strip more than 60 feet wide. The maximum width of public roads of this character is limited by statute to 60 feet. Clearly, then, they had and have no authority to appropriate more. Plaintiff contends that in seeking to do so, the entire action of the commissioners is void. He further contends that, as the relief which a court is authorized to grant must be *secundum allegata et probata*, this court must either grant or refuse the injunction prayed. The latter proposition would unquestionably be true, in all its strictness, were it not for the statutory provisions above referred to. Section 4864 directs that "the court shall, on final hearing, make such order in the premises as may seem equitable and just." While this undoubtedly does not authorize a court, without pleadings, or without proof, to make such order, yet it seems that the policy of the law in this behalf dictates that the court may make such order if, from the pleadings or the proofs, it would be proper, having regard to the fact that the public, as well as the individuals concerned, are interested in the timely establishment of necessary roads. In this case it appears from the pleadings and the proofs that such proceedngs were had looking to the establishment of a public highway as the law directs, except that more land was sought to be taken from plaintiff than was authorized by law. The plaintiff, therefore, is entitled to relief, but the court is of opinion that to grant it does not necessitate a vitiation of all the proceedings, and that an order can be made in the premises that will do substantial justice.

The court modified the preliminary injunction heretofore granted so as to permit the construction of the road and the taking of not more than 60 feet of plaintiff's lands, on the theory

that, as the whole of a thing includes all its parts, the commissioners had appropriated at least 60 feet and that the attempted taking of the excess was absolutely void and of no effect. It appeared from the proofs that this excess all lay on one side of a 60-foot strip, which strip was intended to constitute the actual highway, and that the center line of the road, as actually surveyed and staked out, and the center line of this strip are identical. The proofs on final hearing are not different, and from all that appears, plaintiff, if the appropriation of the excess be enjoined, would be exactly in the position he would have been had the commissioners originally confined themselves to the width allowed by law.

In view of the court's authority to make such order as will protect the rights of all parties, no reason appears why the commissioners should not be permitted to effectuate the appropriation of at least a 60-foot strip through plaintiff's lands. Much trouble and expense has already been incurred in and about this highway. Presumably the public necessity requires its establishment. The commissioners have so determined, and their finding of this fact is jurisdictional and required by Section 4836 before the law permits them to order the improvement to be made, and there has been nothing shown that would justify the court in finding otherwise. Doubtless the same public necessity, which prompted the commissioners to establish this road in the first place, would constrain them to take further action to complete it, should the court enjoin the effectuation of these proceedings so far as the plaintiff is concerned. But plaintiff holds his lands subservient to the public welfare, and can not prevent a 60-foot strip being taken for the purposes of this road. What practical end, then, can be subserved by requiring other and further legal proceedings to appropriate this strip?

The only reason which suggests itself to the court is that, as plaintiff is entitled, when his lands are taken for public use, to have them appropriated strictly according to law, the court's determination of the present controversy prevents his having his compensation determined by a jury. It might be plausibly argued that if plaintiff be given, for a 60-foot strip of land, the same amount the viewers allowed him for that width plus the excess,

he has lost nothing; that, as that amount was based on the taking of the whole width sought to be taken, he can not be injured by restoring to him a part.

But in appropriation proceedings compensation is composed of two elements: (a), The value of the land taken; and (b), Damages to the residue. The leaving of a narrow strip of land south and west of the proposed road, and the inconvenience of its use in connection with the residue, may present very dfferent considerations on an inquest of damages from those considered when it was thought no such strip would be left, and manifestly the viewers, in making up their first estimate, did not take this into consideration. Plaintiff has the right to use the strip so left in connection with the residue, or in any other lawful way, and he is entitled to have whatever damages he may sustain by reason of such condition ascertained according to the statute in such cases made and provided. To secure to plaintiff, then, the rights to which he is entitled, would seem to require a new view of his premises and a new assessment of his compensation and damages. That the court has the power to order the same is apparent from the provisions of Section 4864, R. S., which is the same section construed by the Supreme Court in *Hays et al* v. *Lewis et al,* 28 O. S., 326, as Section 677, Swan and Sayler.

The court, therefore, sets aside the appraisement or assessment of damages to the plaintiff heretofore allowed by the commissioners, and orders that, if the improvement be proceeded with, the commissioners cause a new view and assessment of compensation and damages to be made as to plaintiff, according to law, confining the width of land to be taken to 60 feet, lying 30 feet on each side of the center line of the proposed road, and further orders that if, by reason of such reappraisement of compensation and damages, it becomes necessary to reapportion the expenses of the improvement, the present apportionment thereof be vacated and such expenses again apportioned according to law. The costs of this action are adjudged against the defendants and ordered paid out of the county treasury.

*James E. Way* and *A. J. Hess,* for plaintiff.

*H. W. Robinson,* Prosecuting Attorney, and *Wicoff & Emmons,* for defendants.